Estate of Emily St. A. Tait, c/o L. F. Woods, Ancillary Adm. v. Commissioner.
Estate of Emily St. A. Tait v. Commissioner
Docket No. 16308.
United States Tax Court
1949 Tax Ct. Memo LEXIS 35; 9 T.C.M. (CCH) 122; November 7, 1949
John H. Alexander, 40 Wall Street, New York 5, New York, counsel for petitioner. W. A. Seifert, Sidney B. Gambill, 747 Union Trust Building, Pittsburgh, Pennsylvania, Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, Eugene F. Bogan, John W. Smith, Special Attorneys, Bureau of Internal Revenue, counsel for respondent. VAN FOSSAN Petitioner's Motion for Entry of a Decision of No Deficiency The above-entitled cause having been remanded to this Court by the United States Court of Appeals for the Fourth Circuit with directions that this Court reconsider that part of its decision entered December 20, 1948 which relates to the deduction of amounts distributed by Petitioner to the four beneficiaries who were citizens and residents of Canada *36 and who were former employees of the decedent, Emily St. A. Tait, COMES NOW the Petitioner, by its attorney, John H. Alexander, and respectfully moves that, for the reasons set forth in the memorandum attached hereto, this Court enter a decision that there is no deficiency in income and victory tax for the period August 7, 1943 to June 30, 1944. WHEREFORE, it is prayed that this motion be granted. In granting an exemption of United States tax to an item of income derived by a resident of Canada from United States sources, the United States-Canadian income tax convention did not intend and did not provide for, directly or indirectly, an increase of the amount of Federal tax, or the imposition of United States tax, as to other United States taxable persons or entities. The decision in the instant case resulted in the imposition of a Federal tax upon income which was specifically exempt under Article VI of the convention. This tax was imposed merely because the income passed through a domestic trust. It is to be observed that the provision of Article VI of the Canadian convention does not grant a general tax immunity to a pension. As to a pension flowing from the United States *37 to a resident of Canada, the effect is to relieve the pension of United States income tax and thus leave it fully subject to Canadian income tax. The Canadian income tax burden would be relatively as severe as the United States tax burden. The effect of a provision such as Article VI of the convention in relieving the pension of United States tax, is to shift the tax revenue from the United States Treasury to the Canadian Treasury, as the Canadian Government would not have to allow a foreign tax credit to its taxpayer for United States tax. Article VI is reciprocal and under it a pension derived from Canadian sources by a United States citizen or resident is exempt from Canadian tax and fully taxable by the United States in that no foreign tax credit need be allowed. The tax here is shifted from the Canadian to the United States Treasury. As to the broad purpose of the provisions of conventions such as that with Canada, and of exemption provisions such as Article VI, see Report of the Senate Committee on Foreign Relations, Executive No. 3, 77th Congress, 2d Session, Canadian Convention, page 2; Report of the Senate Committee on Foreign Relations, Executive No. 18, 76th Congress, *38 1st Session, page 9. The United States has engaged with a number of countries in a rather broad program of income tax conventions looking to the avoidance of double taxation and for other purposes. Broadly comparable in structure and purpose to the income tax convention with Canada are those in effect with France, Sweden, the United Kingdom, The Netherlands and Denmark. Now awaiting consent to ratification are conventions with South Africa, New Zealand, Norway and Belgium. In the negotiation stages are conventions with Brazil, Colombia, Greece, Ireland, Italy, Luxembourg, Mexico, the Philippines and other countries. These conventions follow a common pattern, with variables, in granting reduced rates of tax to certain classes of income, such as dividends, derived from sources within the United States, and in granting full exemption from United States tax to other items of income such as interest, royalties and private pensions. They lay down rules such as partial exemption from tax at source, or full exemption from tax at source, and partial taxation of income at residence or full taxation of income at residence. To the extent that items of income derived by residents of the other *39 country are by a convention exempt from United States tax, the purpose of the rule of the convention is to leave them fully taxable by the country of the recipient's residence. These conventions, and in particular the Canadian convention pertinent to the instant case, do not contemplate that one government, in formally undertaking to exempt from its tax an item of income, will nevertheless reach out by indirect means to collect tax on such items of income. That, however, is precisely what is done in the instant case. Since under Article VI of the Canadian convention the four pensions flowing to residents of Canada are specified to be free of United States income tax, the effect of the Tax Court's decision is to fall back one step to the payor-estate and, by denying the deduction, to impose income tax on the amount of the pensions. Although the general spirit and intent of the Canadian convention would seem to prevent this, paragraph 11 of the protocol to the convention would appear to cover it specifically. It provides that "The provisions of the present Convention shall not be construed to restrict in any manner any exemption, deduction, credit or other allowance accorded by the *40 laws of one of the contracting States in the determination of the tax imposed by such State." As applied to the instant case, paragraph 11 would seem to preclude the use of the exemption of Article VI of the convention as the vehicle for denying to the petitioner estate a deduction otherwise allowable under Section 162(b) of the Internal Revenue Code. Memorandum for Respondent In accordance with the Order of the United States Court of Appeals for the Fourth Circuit entered July 20, 1949, in the above-captioned cause, the petitioner filed its brief in this proceeding within the time granted orally by Judge Ernest H. Van Fossan of the Tax Court of the United States, and the respondent herewith files this memorandum as his brief within the time granted by the Court. We concur with the petitioner's argument respecting the application to this case of the provisions in the Canadian Income Tax Convention beginning on page 5 of its brief. Upon careful consideration of the arguments presented in support of the effect which the Canadian Income Tax Convention has on the taxability of the amounts distributed by the estate to the four beneficiaries who were citizens *41 and residents of Canada, we concur with the petitioner's contention that there is no deficiency in income and victory tax for the period August 7, 1943, to June 30, 1944. Decision VAN FOSSAN, Judge: The above-entitled cause having been remanded to this Court by the United States Court of Appeals for the Fourth Circuit with directions that this Court reconsider that part of its decision entered December 20, 1948 which relates to the deduction of amounts distributed by petitioner to the four beneficiaries who were citizens and residents of Canada and who were former employees of the decedent, Emily St. A. Tait, and, Counsel for the petitioner having moved this Court to enter a decision of no deficiency, counsel for respondent not objecting, The premises considered, it is ORDERED and DECIDED: That there is no deficiency in income and victory tax for the period August 7, 1943 to June 30, 1944.